JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IAN WATSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TARGET CORPORATION, *et al.*,<br><br>　　　　Defendants. | Case No. 5:24-cv-02724-CV (SHKx)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DOC. # 20]** |

On January 16, 2025, Plaintiff Ian Watson ("Plaintiff") filed a Motion for Remand to Superior Court of California ("Motion."). Doc. # 20 ("Mot."). On January 31, 2025, Defendant Target Corporation ("Target") filed a brief opposing the Motion. Doc. # 25 ("Opp."). On February 7, 2025, Plaintiff filed a reply brief. Doc. # 28 ("Reply").

The Court finds that oral argument is not necessary to resolve the Motion. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15; *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n. 2 (9th Cir. 2001). Having considered the briefing, the Court GRANTS the Motion.

## BACKGROUND

On August 21, 2024, Plaintiff filed a Complaint in the San Bernardino County Superior Court against Defendants Target, Anthony Ramirez ("Ramirez"), and Does 1–100, asserting five causes of action related to the termination of Plaintiff's employment. Doc. # 1-1 ("Compl.") ¶¶ 24–65. Defendant Target removed this case to federal court

based on diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441. Doc. # 1, Notice of Removal ("Removal Notice") ¶ 10. Plaintiff seeks to remand this action back to state court. *See generally* Mot.

## DISCUSSION

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). "The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." *Syngenta Crop. Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002) (internal quotation marks omitted). Where Congress has passed a statute providing a right of removal, the statute, unless otherwise stated, is to be strictly construed against removal. *Id.* "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, any doubts regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

A defendant may remove an action from state court to federal court only if the federal court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1332(a), a federal court has subject matter jurisdiction when (1) the dispute is between "citizens of different States," and (2) the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." The diversity of citizenship requirement is satisfied only if there is "complete diversity" between the parties, meaning that each defendant is from a different state than each plaintiff. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). In other words, if any single defendant

is from the same state as any single plaintiff, complete diversity does not exist and the federal court lacks original jurisdiction over the matter. *Id.*

Here, Plaintiff is a citizen of California, Defendant Target is a citizen of Minnesota, and Defendant Ramirez is a citizen of California. Compl. ¶¶ 1–3; Removal Notice ¶ 13. Therefore, because Defendant Ramirez is from the same state as Plaintiff, complete diversity does not exist, and the Court lacks subject matter jurisdiction.

Target asserts that complete diversity exists, even though Ramirez and Plaintiff are citizens of the same state, because Ramirez "has never been served" and is thus "not presently a party in this case." Opp. at 7. Target further notes that the deadline to serve Ramirez under Cal. R. Ct. 3.110(b)—sixty days within the filing of the Complaint—has long since passed.[1] *Id.* However, "the existence of diversity is determined from the fact of citizenship of the parties *named* and not from the fact of service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) (emphasis added); *see also Lam Sing v. Sunrise Senior Mgmt., Inc.*, No. C 23-00733 WHA, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023) ("[T]he fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant.") (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41 (1939)). Had Plaintiff's claims against Ramirez been dismissed pursuant to Cal. R. Ct. 3.110(b) prior to removal, diversity of citizenship may have existed, but that is not the case here. Therefore, because Ramirez is named in the Complaint, complete diversity does not exist regardless of whether he has been served.[2]

---

[1] The deadline was October 21, 2024.

[2] The parties dedicate substantial portions of their briefs to the issue of whether a removing defendant can circumvent the forum defendant rule under 28 U.S.C. Section 1441(b)(2) by removing a case to federal court before any in-forum defendants are served (also known as "snap removal"). However, since the in-forum defendant in this case (Ramirez) is also non-diverse, the more fundamental question is whether Target can "snap remove" this case to circumvent the diversity of citizenship requirement under Section 1332(a). It cannot. *See Wright v. Q Squared Sols. LLC*, No. 8:23-cv-00506-FWS-ADS, 2023 WL 5321158, at *4 (C.D. Cal. Aug. 17, 2023) ("Snap removal does not solve the fundamental problem of lack of complete diversity.") (quoting *Lam*, 2023 WL 3686251, at *2).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion. The above-captioned action is hereby REMANDED to the Superior Court of the State of California, County of San Bernardino, 247 W. Third Street, San Bernardino, CA 92415, pursuant to 28 U.S.C. § 1447(c). The clerk shall send a certified copy of this Order to the state court.

**IT IS SO ORDERED.**

DATED: 8/28/25

*Cynthia Valenzuela*
HON. CYNTHIA VALENZUELA
UNITED STATES DISTRICT JUDGE